IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVEN A. TALIANI, | ] | |
| Plaintiff, | ] | |
| v. | ] | Case No. |
| | ] | |
| CHRISTINE BRANNON-DORTCH, Warden, Hill Correctional Center, In her individual capacity, | ] ] ] | |
| | ] | |
| JOHN DOES 1 through 7 Hill Correctional Center Staff Members, In their individual capacity | ] ] ] | |
| Defendants. | ] | |

## VERIFIED COMPLAINT

[X] 42 U.S.C. § 1983 (suit against state officials for constitutional violations)


NOW COMES, the Plaintiff, STEVEN A. TALIANI, <u>pro se</u>, and states;

My current address is:  Steven A. Taliani

Register Number B-62266
Hill Correctional Center
600 Linwood Road
P.O. Box 1700
Galesburg, Illinois 61402

## PARTIES

Plaintiff, Steven A. Taliani, is an Individual In Custody, under the care, cuntrol and custody of the Illinois Department of Corrections, and housed at the Hill Correctional Center, located in Galesburg, Illinois 61402.

Defendant, Christine Brannon-Dortch, was the Warden of the Hill Correctional Center during the relevant time period alleged within Plaintiff's Complaint. Warden Brannon-Dortch is being sued in her individual capacity.

Defendants John Does 1 through 7 are staff members employed by the Hill Correctional Center, and through the Illinois Department of Correections, and during the relevant time period alleged within Plaintiff's Complaint were tasked with censoring incoming and outgoing electronic mail of Individuals In Custody, housed at the Hill Correctional Center. The identities of John Does 1 through 6 are presently unknown to the Plaintiff. John Does 1 through 6 are being sued in each of their individual capacities.

## LITIGATION HISTORY

A. Have you brought any other lawsuit in State or Federal Court dealing with the same facts involved in this case?   NO.

B. Have you brought any other lawsuit in State or Federal Court while incarcerated?   YES.

C. If your answer to B is yes, How many?  21 (see list and description of each attached hereto)

2.

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Warden Cooper

2.  Court:  U.S. District Court
3.  Docket Number:  98 cv 3753
4.  Basic Claim:  Federal habeas Corpus
5.  Disposition:  Dismissed
6.  Approximate date of filing:  1998
7.  Approximate date of disposition:  1998

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Bureau County Clerk's Office

2.  Court:  Bureau County, Illinois
3.  Docket Number:  07 MR 20 & 07 MR 30
4.  Basic Claim:  Declaratory Judgment
5.  Disposition:  Plaintiff Prevailed
6.  Approximate date of filing:  May 03, 2007
7.  Approximate date of disposition:  2011

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Il. Dept. of Corrections, Michael Lemke

2.  Court:  Il. Court of Claims
3.  Docket Number:  02 cc 5216
4.  Basic Claim:  Personal Property
5.  Disposition:  Dismissed
6.  Approximate date of filing:  May 16, 2002
7.  Approximate date of disposition:  April 14, 2008

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Bureau County Sheriff, Narczewski

2.  Court:   U.S. District Court
3.  Docket Number:
4.  Basic Claim:  Civil
5.  Disposition:  Dismissed
6.  Approximate date of filing:  November 1998
7.  Approximate date of disposition:  February 1999

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Il. Prisoner Review Board

2.  Court:   Sangamon County, Illinois
3.  Docket Number:  08 MR 416
4.  Basic Claim:  Declaratory Judgment
5.  Disposition:  Plaintiff Prevailed
6.  Approximate date of filing:  July 11, 2008
7.  Approximate date of disposition:  2010

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Lisa Resurreccion & Robert Cofoid

2.  Court:  Putnam County, Illinois
3.  Docket Number:  2010 L 9
4.  Basic Claim:  Intentional Interference With Next of Kin
5.  Disposition:  Dismissed
6.  Approximate date of filing:  July 15, 2010
7.  Approximate date of disposition:  2019

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Marg Haab, et al

2.  Court:  Sangamon County, Illinois
3.  Docket Number: 2011 MR 31
4.  Basic Claim:  Unauthorized deductions from Trust Fund
5.  Disposition: Dismissed, Appeal filed too soon
6.  Approximate date of filing:  January 12, 2011
7.  Approximate date of disposition:  2014

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Wexford Health Sources

2.  Court:  U.S. District Court
3.  Docket Number:  13 cv 1471
4.  Basic Claim:  Deliberate Indifference
5.  Disposition:  Terminated
6.  Approximate date of filing:  September 2013
7.  Approximate date of disposition:  April 2015

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  IDOC, Freedom of Information Officer
2.  Court:  Livingston County, Illinois
3.  Docket Number: 16 MR 166
4.  Basic Claim: Declaratory Judgment
5.  Disposition:  Dismissed
6.  Approximate date of filing:  September 20, 2016
7.  Approximate date of disposition:  September 05, 2018

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Wexford Health Sources

2.  Court:  U.S. District Court
3.  Docket Number: 17 cv 1055
4.  Basic Claim:  Deliberate Indifference
5.  Disposition:  Jury Award of Damages
6.  Approximate date of filing:  February 03, 2017
7.  Approximate date of disposition: August 03, 2022

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  IDOC, Freedom of Information Officer

2.  Court:  Knox County, Illinois
3.  Docket Number:  17 MR 50
4.  Basic Claim: Declaratory Judgment
5.  Disposition:
6.  Approximate date of filing:  April 17, 2017
7.  Approximate date of disposition:

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  IDOC, Freedom of Information Officer

2.  Court:    Knox County, Illinois
3.  Docket Number:  17 MR 67
4.  Basic Claim:  Declaratory Judgment
5.  Disposition:
6.  Approximate date of filing:  May 03, 2017
7.  Approximate date of disposition:

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Illinois Liquor Control Commission

2.  Court:  Cook County, Illinois
3.  Docket Number:  17 CH 9553
4.  Basic Claim:  Declaratory Judgment
5.  Disposition:  Plaintiff Prevailed
6.  Approximate date of filing:  June 20, 2017
7.  Approximate date of disposition:  2018

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Il. Deptartment of Corrections

2.  Court:  Court of Claims for Illinois
3.  Docket Number:  18 cc 0073
4.  Basic Claim: Lost Personal Property
5.  Disposition:  Dismissed
6.  Approximate date of filing:  July 18, 2017
7.  Approximate date of disposition: August 27, 2018

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  IDOC, Officer Bohm
2.  Court:  Knox County, Illinois
3.  Docket Number: 18 SC 592
4.  Basic Claim: Lost Personal Property
5.  Disposition: Dismissed
6.  Approximate date of filing:  October 03, 2018
7.  Approximate date of disposition: March 04, 2019

1.  Parties to previous lawsuit:
        Plaintiff:  Steven A. Taliani
        Defendant:  Bureau County Clerk's Office

2.  Court: Bureau County, Illinois
3.  Docket Number:  19 MR 40
4.  Basic Claim: Declaratory Judgment
5.  Disposition:
6.  Approximate date of filing:  April 22, 2019
7.  Approximate date of disposition:

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Bureau County State's Attorney Office

2.  Court:  Bureau County, Illinois
3.  Docket Number: 19 MR 51
4.  Basic Claim: Declaratory Judgment
5.  Disposition:
6.  Approximate date of filing:  May 28, 2019
7.  Approximate date of disposition:

---

1.  Parties to previous lawsuits:
        Plaintiff:  Steven A. Taliani
        Defendant:  Bureau County Board
2.  Court:  Bureau County, Illinois
3.  Docket Number:  19 MR 54
4.  Basic Claim: Declaratory Judgment
5.  Disposition:
6.  Approximate date of filing:  June 10, 2019
7.  Approximate date of disposition:

1. Parties to previous lawsuit:
       Plaintiff:  Steven A. Taliani
       Defendant:  State of Illinois
2. Court: United States Supreme Court
3. Docket Number:  21-7229
4. Basic Claim: Writ of Certiorari
5. Disposition: Application Denied
6. Approximate date of filing: January 2022
7. Approximate date of disposition: May 02, 2022

---

1. Parties to previous lawsuits:
       Plaintiff:  Steven A. Taliani
       Defendant:  Warden Mark Williams
2. Court: Seventh Circuit Court of Appeals
3. Docket Number:  22-1954
4. Basic Claim: Application to File Successive Habeas Corpus
5. Disposition: Application Denied
6. Approximate date of filing:  May 27, 2022
7. Approximate date of disposition:  June 09, 2022

---

1. Parties to previous lawsuits:
       Plaintiff:  Steven A. Taliani
       Defendant:  John Baldwin, et al.
2. Court:  U.S. District Court
3. Docket Number:  20 cv 4047
4. Basic Claim: Deliberate Indifference / Prison Conditions
5. Disposition: Settled Favorably
6. Approximate date of filing:  March 03, 2020
7. Approximate date of disposition: July 08, 2022

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.  Is there a grievance procedure available at your institution? YES.

B.  Have you filed a grievance concerning the facts relating to this Complaint?  YES.

C.  Is the grievance process completed?   YES.


## JURISDICTION AND VENUE

1.  This action is brought pursuant to 28 U.S.C. § 1331 (federal question) as it rises under the United States Constitution and Laws of the United States and pursuant to 28 U.S.C. § 1343 (civil rights), as it seeks redress for civil rights violations under 42 U.S.C. § 1983.

2.  Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress deprivations under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the United States Constitution and the Laws of the United States.

3.  Venue is proper in the United States District Court, Central District of Illinois under 28 U.S.C. § 1391(b)(c), on information and belief at least one of the defendants resides within the judicial district at the time the action was commenced.

4.  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure against all defendants.

5.  As a result of defendants' actions, Plaintiff seeks both compensatory and punitive damages against each defendant.

3.

## STATEMENT OF FACTS

6.  Plaintiff is incarcerated within the Illinois Department of Corrections, and under the care, custody, and control of the Hill Correctional Center, Galesburg, Illinois 61402.

7.  At all material times, Plaintiff had a protected First Amendment Right under the United States Constitution to communication with his family, via telephone services, United States Mail Services, and electronic messaging services provided by the Illinois Department of Corrections.

8.  At all material times, the Illinois Department of Corrections has entered into a contract agreement with Global Tel*Link Corporation (GTL) to provide; 1) inbound and outbound electronic messaging services between Illinois Department of Corrections' Offenders and their approved visitors using digital IP Internet Protocol based technology; 2) electronic funds transmission services; 3) legal library publication search with printing; and 4) provide the equipment and software to enable offenders to purchase music files in mp.3 format. These services are delivered at all Illinois Department of Correctional facilities.

9.  At all material times, the Illinois department of Corrections was provided literature to support each of the services covered by the contract between the Illinois Department of Corrections and GTL, and has been approved by the Illinois Department of Corrections prior to distribution to IDOC facilities.

10.  At all material times, GTL provided "Message2you", a secure electronic messaging tool that allows for controlled communication between offenders and their family and friends.

11.  At all material times, the Hill Correctional Center ("HILL") Inmate Commissary made available to purchase, GTL Tablets, to offenders.

4.

12. On or about November 2019, the Plaintiff purchased a GTL Tablet from the HILL Inmate Commissary.

13. At all material times, the Plaintiff was required to 'pre-pay' for Inmate Messaging using "Link Units" purchaed through the HILL Inmate Commissary by transferring monies from Plaintiff's Inmate Trust Fund Account.

14. At all material times, the Plaintiff has maintained a balance of "Link Units" also termed as "Messaging Credits" through a special purpose account created for inmates termed a "Messaging Credit Account."

15. On July 04, 2021, the Plaintiff sent an electronic message via his GTL Tablet to Hannah Taliani, Plaintiff's niece. (Exhibit A)

16. On July 06, 2021, the Plaintiff was notified via GTL incoming messages that his electronic message was refused to be delivered.

17. The HILL official that censored Plaintiff's outgoing electronic message failed to provide the Plaintiff with the regulation that authorized the censorship of Plaitiff's electronic message.

18. On July 19, 2021, the Plaintiff submitted a formal grievance (#21-07-171) pursuant to 20 Illinois Administrative Code 504.810, alleging a censorship violation of Plaintiff's electronic message. (Exhibit B)

19. On August 08, 2021, Counselor Amanda Ferguson, provided a Counselor's Response to Plaintiff's grievance stating; "The messages were denied because of symbols. Per memo - Warden's Bulletin 20-42, incoming and outgoing messages that contain any of the following will be denied; there are no refunds for denied messages. E/R." (Exhibit B)

5.

20.  On August 26, 2021, the Plaintiff forwarded said grievance (21-07-171) (Exhibit B) and Counselor Response, to the HILL Grievance Office for second level review, pursuant to 20 Illinois Administrative Code 504.830. Plaintiff attached a correspondence to the Grievance Office requesting to be provided with the Grievance Office's Response; (1) Warden's Bulletin #20-42; (2) when and where this Bulletin was posted;  (3) How any 'symbol' would violate the security of the prison, and how it is not a violation to use any ″symbol″ when writing a letter sent via the U.S. Mail; and (4) How this Bulletin does not violate my First Amendment Right under the United States Constitution.  (Exhibit C)

21.  In August 2021, the Plaintiff submitted a Freedom of Information Act Request to the IDOC Freedom of Information Officer requesting, GTL messages that have been denied (inappropriate) per the review by the HILL Staff, from January 1, 2020 to July 19, 2021.

22.  On September 7, 2021, the IDOC Freedom of Information Officer provided the Plaintiff with a copy of GTL messages that have been denied (inappropriate) per the review by HILL Staff from January 1, 2020 to July 19, 2021. (Exhibit D, p. 1-6)

23.  On October 28, 2021, Grievance Officer Jason Garza, provided Plaintiff with a Response To Offender's Grievance rpoviding, "Individual In Custody sent out an electronic mail correspondence that contained symbols; as electronic mail and standard mail are subject to DR 525B which states, in Section 525.130 [Outgoing Mail] h) Department employees may spot check and read outgoing non privileged mail.  Outgoing non privileged  mail or portions thereof may be reproduced or withheld from delivery if it presents a threat to the security or safety, including the following;  4) the letter is in code and its contents cannot be understood by correctional staff.

Symbols are considered to be coded contents and, as such, are not eligible for processing.

6.

29. On January 20, 2022, the Plaintiff sent an electronic message via his GTL Tablet to Charles Taliani, Plaintiff's father.

30. On January 20, 2022, the Plaintiff was notified via GTL incoming messaging that his electronic message, to Charles Taliani, was refused to be delivered.

31. The HILL official that censored Plaintiff's outgoing electronic message, to Charles Taliani, failed to provide the Plaintiff with the regulation that authorized the censorship of Plaintiff's electronic message.

32. On or about January 20, 2022, the Plaintiff submitted a Freedom of Information Request to the IDOC Freedom of Informaiton Officer requesting, "One copy of the GTL message denied on January 20, 2022, at 9:24am. Message sent to Charles Taliani.

33. On February 2, 2022, the IDOC Freedom of Information Officer provided the Plaintiff with a copy of the GTL message denied delivery on January 20, 2022, at 9:24am, sent to Charles Taliani. (Exhibit I, p. 1-3)

34. On February 17, 2022, the Plaintiff submitted a formal grievance (#22-02-307) pursuant to 20 Illinois Administrative Code 504.810, alleging a censorship violation of Plaintiff's GTL electronic message. (Exhibit J)

35. On June 17, 2022, Counselor Katherine Linboom, provided the Plaintiff with a Counselor's Response to grievance 22-02-307 stating in part;
> "...mail may be withheld from delivery if: it contains threats of physical harm, criminal activity, blackmail, extortion, escape, or about contraband, it is code, has another individuals name and number, has SSI numbers, addresses people with names that aren't real, is with a parolee or IIC, has 3rd party communication, has emojis or symbols; There are no refunds for denied messages. Grievance denied. Submit FOIA request for other concerns." (Exhibit J)

8.

36.  Counselor Linboom's response fails to provide the Plaintiff with any specific justification for refusing to deliver Plaintiff's electronic message of January 20, 2022.

37.  On June 24, 2022, the Plaintiff forwarded said grievance (22-02-307) (Exhibit J) and Counselor Response, to the HILL Grievance Office for second level review, pursuant to 20 Illinois Administrative Code 504.830.  Plaintiff attached a correspondence to the Grievance Office requesting in part, "... a legitimate review and a timely response so that I can pursue a third-level appeal, and file suit thereafter..."  (Exhibit K)

38.  On July 15, 2022, Grievance Officer Jason Garza, provided the Plaintiff with a Response To Offender's Grievance providing in part, "...This was flagged by reviewing staff as a "third-party communication," however, this is not a true third-party communication as this was a written request to reach out to "Kevin" who according to 0360 Ws his brother."  (Exhibit L)

39.  On July 15, 2022, Grievance Officer Jason Garza, recommended Plaintiff's grievance (22-02-307)(Exhibit J) be affirmed;  Individual will have voucher credit for Imail restored.  (Exhibit L)

40.  On July 25, 2022, the Chief Administrative Officer's Office concurred with the Grievance Officer's recommendation.  (Exhibit L)

41.  On August 04, 2022, the Plaintiff forwarded grievance 22-02-307 (Exhibit J) to the IDOC Director for third level review, pursuant to 20 Illinois Administrative Code 504.850.  Plaintiff had attached Greivance officer's Response (Exhibit L) and Appeal To The Director (Exhibit L) to said mailing.

42.  On or about August 12, 2022, the IDOC Administrative Review Board returned to the Plaintiff a response to grievance 22-02-307 (Exhibit J) that contains limited identifiable information. (Exhibit M).

9.

## COUNT I

Violation of Plaintiff's First Amendment Rights
Under the United States Constitution

43. Plaintiff incorporates paragraphs 6 through 42 as if fully restated herein.

44. Plaintiff's electronic outgoing messages are exercises of Plaintiff's First Amendment Right to communication.

45. At no time did any of the Plaintiff's outgoing electronic messages threaten the interest of security, order, or rehabilitation of the Hill Correctional Center, or any person.

46. Defendants Joh Does 1 through 7 have misused their authority by refusing to deliver Plaintiff's outgoing electronic messages and denying the same without authorization, and in violation of Plaintiff's First Amendment Right under the United States Constitution.

## COUNT II

Violation of Plaintiff's First Amendment Rights
Under the United States Constitution
Where Warden's Bulletin 20-42 is Unconstitutional

47. Plaintiff incorporates paragraphs 6 through 42 as if fully restated herein.

48. Defendant Christine Brannon-Dortch created a regulation, known as, Warden's Bulletin 20-42 to censor inmate incoming and outgoing electronic messages.

10.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, STEVEN A. TALIANI, pro se, respectfully requests that this Honorable Court grant the following relief;

      A.  Award compensatory damages for the costs to be determined for each censored outgoing electronic messages sent by Plaintiff,

      B.  A declaration that the acts described herein violated Plaintiff's First Amendment Rights under the United States Constitution,

      C.  An injunction ordering the Defendants to cease their systematic implementation and enforcement of Warden' Bulletin 20-42,

      D.  Punitive damages in the amount of $3,500.00,

      E.  Judgment for any additional relief as it may appear the Plaintiff is entitled.

Respectfully submitted,

Steven A. Taliani
B62266 , P.O. Box 1700
Galesburg, Il 61402

Dated this 7th day of February 2023.

13.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

Steven A. Taliani

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury and under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this  7th  day of February 2023.

Steven A. Taliani

STATE OF ILLINOIS  )
                   )
COUNTY OF KNOX     )

Subscribed and attested to before me
this  8  day of February 2023.

NOTARY PUBLIC

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

14.

From:      TALIANI, STEVEN

Location:  74, C, R4, HIL, HIL, ILDOC, US

To:        Taliani, Hannah

Sent:      7/ 4/2021 07:13
Subject:   HAPPY 4TH OF JULY !!!
Hey Fav,

Did you go to Hennepin for the fireworks?  Grandpa said they were expecting a LOT of people.
Was this another "girls night out"?  The weatherman says pool season is in full swing and the
temps are just right.
Nothing going on around here today...just thinking of my fav !!

Are you still going to CCD classes?  Do you know the Apostles Creed ???  Will you type it into
your next message to me?  I've been trying to recall it but keep missing some lines.
Thanks!

How about my pics?  Did you get them in the mail??  Did you remember to include your
graduation pics???  Looking forward to seeing you!!

Tell mom to check her messages again....she must be busy....

♥ U....your fav S.

EXHIBIT A

21-09-17.1  Hillcc  4-C-74

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: July 19, 2021 | Offender (please print): STEVEN A. TALIANI | ID #: B62266 | Race (optional) |
|---|---|---|---|

| Present Facility: Hill Corr. Center | Facility where grievance issue occurred Hill Corr. Center |
|---|---|

**Nature of grievance:**

☐ Personal Property ☐ Mail Handling ☐ Medical Treatment ☐ ADA Disability Accommodation

☐ Staff Conduct ☐ Dietary ☐ HIPAA ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility ☒ Other (specify): censorship of GTL message

☐ Disciplinary Report _____ Date of report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On July 06, 2021, (9:26am) I had an outgoing GTL message refused to be delivered, costing

this Grievant a GTL message voucher credit.

Censorship of outgoing GTL messages is in violation of the First Amendment of the U.S.

Constitution.

Outgoing IIC mail is controlled by Procunier v. Martinez, 416 U.S. 396, where the United

States Supreme Court has held; "Prison officials may not censor inmate correspondences

simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements.

☒ Continued on reverse

**Relief Requested:**
Provide message voucher credit to this Grievant's GTL account, and

Provide the identity of the individual that censored Grievant's outgoing message herein,

Provide censorship education to individuals charged with censoring outgoing GTL messages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

☒ Check if this is NOT an emergency grievance.

_Offender's Signature_     362266 ID#     July 19, 2021 Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: The messages were denied because of symbols per memo - warden's bulletin
20-42 "incoming and outgoing messages that contain any of the following
will be denied; there are no refunds for denied messages. EN /

A Ferguson CCII        A Ferguson CCII        8/18/21
Print Counselor's Name        Sign Counselor's Name        Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

---

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No. An emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

EXHIBIT B

Chief Administrative Officer's Signature        Date

DOC 0046 (Rev. 11 2020)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

Housing Unit  4-C-74

Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation." The prison official that censored Grievant's July 06, 2021, outgoing GTL message failed to show the regulation that authorized the censorship -- because there is none. Therefore, this Grievant must have his GTL message voucher credit returned to his account.

EXHIBIT B

DATE:  August 26, 2021
  TO:  Grievance Officer
FROM:  Steven A. Taliani, B62266, 4-C-74
  RE:  Grievance #21-07-171


Grievance Officer,

With your response to this grievance, please provide the following;

    1)  Warden's Bulletin #20-42,

    2)  When and where this Bulletin was posted,

    3)  How any 'symbol' would violate the security of the prison
       and how it is not a violation to use any 'symbol' when
       writing a letter sent via U.S. Mail,

    4)  How this Bulletin does not violate my First Amendment Right
       under the U.S. Constitution.


I look forward to your creative response herein.

Steven A. Taliani

EXHIBIT C

JB Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

September 7, 2021

Steven Taliani, B62266
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

     **Re:    Freedom of Information Request #210830311**

     This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

     You have requested your GTL messages that have been denied (inappropriate) per the review by Hill Correctional Center staff from January 1, 2020 to July 19, 2021.

     <u>Response</u>:    Responsive records are enclosed.

                Sincerely,
                Maggie Meikle
                Freedom of Information Officer

Enclosures

EXHIBIT D, p. 1

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

From:        TALIANI, STEVEN

Location:    74, C, R4, HIL, HIL, ILDOC, US

To:          Taliani, Hannah

Sent:        2/19/2021 08:11

Subject:     VOLLEYBALL MASTER

First of all, I see you were writing at 10:29pm last night ! Aren't you suppose to be sleeping at that time? So, volleyball master...have you figured out why the team started off good and then fell apart? Who's the team leader? You? That person is suppose to be the motivator also so the team plays together...one point at a time. Sorry, but I have NO internet access, this system is controlled and limited to what I can do and who I can write. You will just have to keep me updated on your performance. And I'll look forward to all of those....  Well, I would expect the pigs to be hyper after riding in the truck for hours, being all couped up together, and not knowing where they were headed. And then you were yelling at them to keep it moving and get in the pens. Do you yell;  Come on pigs lets go!

Julie V Brands:  I know the father of the girl that owns that business. He's here with me and told me that she is designing handbags too. Maybe she hasn't got them manufactured yet, since they were not on her website. Would you be interested in designing your own, or just buying the name brands?  I can get some info from him about where she gets them made. Just curious. Your friend Izzy is funny. Buying you socks with HER face on them. Now you have to come up with something just as clever for her. Got any ideas?  If I see something I'll let you know.

I' m with you...Shepards Pie...no thanks. Of all the meals in the cookbook this is the one that looked good? Hmmm somebody needs glasses. :)  Have you started cooking yet?  Since mom & dad are working all day it would be nice to come home to dinner being ready once in a while. Besides hot dogs and ramen noodles, what others do you do? You are lucky that you can follow along on youtube to make meals.

WOW!! Sounds like a great skiing trip!!!  Are you already looking to buy cute gear, or do you already have the bibs and coats?  Where are you going? How long are you going for? I better get some pics this time...♥S.

EXHIBIT D, p. 3

From:       TALIANI, STEVEN

Location:   74, C, R4, HIL, HIL, ILDOC, US

To:         Taliani, Hannah

Sent:       3/20/2021 17:41

Subject:    RE:sorry!!!

#USFN,

What's this *peace out* closing of your message?  Trying to be hip??

Do you want me to put a guilt-trip on grandpa about you having to spend all your money on your luggage? Maybe he'll reimburse you the cost since he didn't take you shopping.

So, you are hanging around the bars in PC now?  How else did you find out grandpa was over there?  Does he have a new "friend" in PC that he is hanging around with?  I plan on calling him tonight so I'll drop some suttle hints about taking you to Verucchis for dinner.

Well, at least one person will be ready for vacation....you!  Did you get all your 3 fluid ounce bottles taken care of?  What about mom and dad?  Did you take care of theirs too?  It would be a good idea....since they are taking you (and Lola).  Pretty nice that they are letting you take a friend too.  You girls will have fun fun fun.  And I will be expecting a stack of pictures!!

I will call again soon to check on your packing and tanning progress. :)

Have a great weekend!

♥S.

4 C 94

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| **Grievance Officer's Report** | | |
|---|---|---|
| Date Received: 08/25/2021 | Date of Review: 10/28/2021 | Grievance # (optional): 21-07-171 |
| Offender: Taliani, Steven | | ID#: B62266 |

**Nature of Grievance:**

Individual in Custody says his outgoing GTL was censored and not sent which is a violation of his legal rights and states he wants a credit for the denied message, wants to know who censored the message, and provide censorship training to those viewing messages.

**Facts Reviewed:**

Individual in Custody sent out an electronic mail correspondence that contained symbols; as electronic mail and standard mail are subject to DR525B which states, in Section 525.130 [Outgoing Mail] h) Department employees may spot check and read outgoing non privileged mail. Outgoing non privileged mail or portions thereof may be reproduced or withheld from delivery if it presents a threat to security or safety, including the following: 4) The letter is in code and its contents cannot be understood by correctional staff.

Symbols are considered to be coded contents and, as such, are not eligible for processing.

No "Censorship" is evident.

Individual in Custody is not entitled to a refund for violating DR525B.

**Recommendation:**

Grievance denied.

Jason C. Garza, Correctional Counselor II/Grievance Officer     *Jason C. Garza* Digitally signed by Jason C. Garza Date: 2021.10.28 11:23:57 -05'00'

Print Grievance Officer's Name       Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| **Chief Administrative Officer's Response** | | |
|---|---|---|
| Date Received: 11/1/21 | ☑ I concur   ☐ I do not concur   ☐ Remand | |

**Action Taken:**

*[signature]*      11/1/21

Chief Administrative Officer's Signature      Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

*[signature]*      B62266      Nov. 15, 2021

Offender's Signature      ID#      Date

EXHIBIT E
DOC 0047 (Rev. 3/2019)

DATE:  November 15, 2021
  TO:  IDOC Admin. Review Board
FROM:  Steven A. Taliani, B62266
  RE:  Appeal To The Director, Grievance No. 21-07-171

Dear A.R.B.,

First, it must be noted:  Warden's Bulletin #20-42 has NOT been posted at
the Hill Correctional Center.  This Grievant was able to obtain a copy of
said Bulletin only after receiving a counselor response to this grievance,
and then by requesting a hard copy through the FOIA.  See copies attached
hereto.

As for the Grievance officer's response -- as well as-- Warden Bulletin 20-42
both are in direct conflict with the United States Supreme Court decision
in Procunier v. Martinez, 416 U.S. 396, as I detailed within my Grievance.
Yet, the Hill Correctional Center Administrators believe a Warden Bulletin
supercedes the U.S. Supreme Court.

Additionally, the IDOC has approved placing ♥ on outgoing GTL messages !!
Had the IDOC not wanted Individuals In Custody to use this available function
on the tablets sold -- the IDOC would have had GTL remove the function from
their tablets prior to selling them.

Please direct the Hill Correctional Center to rescind Warden Bulletin 20-42
as it violates the First Amendment Right to censorship, and IDOC policy.

Thank you in advance for your review of this matter.

Sincerely,

Steven A. Taliani

Xc: file.

EXHIBIT F

JB Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

September 30, 2021

Steven Taliani, B62266
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

**Re:** **Freedom of Information Request #210924292**

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested the following:

1. Illinois Department of Corrections Bulletin #21-005.

Response:     Your request is vague. A reasonable description requires the requested record to be reasonably identified. *Kenyon v. Garrels*, 184 Ill. App. 3d 28, 32-33 (Ill. App. 1989); *Yeager v. DEA*, 678 F. 2d 315, 326 (D.C. Cir. 1982) ("The linchpin inquiry is whether the agency is able to determine precisely what records [are] being requested."). It is unclear what records you are seeking.

2. Hill Correctional Center Wardens Bulletin #20-42.

3. Hill Correctional Center Wardens Bulletin #21-39.

Response:     Responsive records for numbers 2 and 3 are enclosed. Signatures have been redacted pursuant to Section 7(1)(b) of the Freedom of Information Act which exempts the release of "Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order." In addition, staff information has been redacted pursuant to Section 7(1)(e-6) of the Freedom of Information Act which exempts the release of "records requested by persons committed to the Department of Corrections or a county jail if those materials include records from staff members' personnel files, staff rosters, or other staffing assignment information."

4. Hill Correctional Centers Inmate Commissary Usage Report beginning August 1, 2021 and ending September 18, 2021.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

EXHIBIT G, p. 1

JB Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

Hill Correctional Center
600 Linwood Road, P.O. Box 1700 • Galesburg, IL  61402 • (309) 343-4212 TDD: (800) 526-0844

### Warden's Bulletin 20-42

**DATE:**    October 15, 2020

**TO:**        All Staff / All Offenders

**RE:**        I-Mail Messages

Offender I-Mail (email) messages are considered non-privileged correspondence, messages are covered under Department Rule 525B.

Department employees may spot check and read both incoming and outgoing non-privileged mail.  Non-privileged mail or portions thereof may be reproduced or withheld from delivery if it presents a threat to security or safety, including the following:

1) The letter contains threats of physical harm against any person or threats of criminal activity;
2) The letter contains threats of blackmail or extortion;
3) The letter contains information regarding sending contraband into or out of the facility, plans to escape, or plans to engage in criminal activity;
4) The letter is in code and its contents cannot be understood by correctional staff.

Incoming and Outgoing messages that contain **any** of the following will be denied; **there are no refunds for denied messages**:

- No messages that include another offender's name and number
- No messages that include Social Security Numbers
- No messages to/from visitors that aren't from a real name (e.g. no symbols or numbers in name)
- No messages with former offenders who are still on parole
- No passing messages between offenders
- No 3rd party communication
- No emoji's or symbols-messages may only contain letters, numbers and punctuation
- No threats of violence toward anyone, including visitors/staff/other offenders


Warden

CB/ms

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

EXHIBIT G, p. 3

J.B. Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:   Taliani, Steven

ID# :   B62266

Facility:   Hill

11/24/21
Date

This is in response to your grievance received on __11/18/21__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __7/19/21__   Grievance Number: __21-07-171__   Griev Loc: __Hill__

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☑ Mailroom/Publications   GTL message not sent out _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Other: _____

☑ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____
Travis Bayler
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Director

CC: Warden, __Hill__ _____ Correctional Center
Taliani, Steven _____, ID# __B62266__

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc          EXHIBIT H

JB Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

February 2, 2022

Steven Taliani, B62266
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

Re:      Freedom of Information Request #220127282

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested the following:

1. One copy of the GTL message denied on January 20, 2022 at 9:24 am. Message sent to Charles Taliani.

Response:      A responsive record is enclosed.

2. Name of staff member who denied GTL message sent to Charles Taliani on January 20, 2022 at 9:24 am.

Response:      You have not submitted a request for records. A reasonable description requires the requested records to be reasonably identified as a record, not as a general request for data, information, and statistics *(Krohn v. Department of Justice, 628 F.2d 195 (D.D.Cir. 1980).*

In the event you view this response as a denial of your request, you have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

EXHIBIT I, p. 1

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

   If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)).  Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

                           Sincerely,
                           Maggie Meikle
                           Freedom of Information Officer

Enclosure

From:      TALIANI, STEVEN

Location:  12, D, R2, HIL, HIL, ILDOC, US

To:        Taliani , Charles

Sent:      1/20/2022 07:20
Subject:   checking in....

Dad,

What's going on ??  I have not heard from anyone...
We are still on this medical lockdown due to the covid cases...over 500
We are being tested every 72 hours and cases keep popping up.
I wrote to Kevin asking that he order me a few books...I have nothing to read and watching the
news on a loop is getting boring.  See if you can get him to place this order with Amazon for
me.... He needs the motivation you can give !!  Tell him to respond to mesages too...he is
terrible at that too..  I was hoping for change in 2022 but it looks like he's in such a rut there is no
way out....
Send me an update...How are you feeling ??
Love you,  Steven.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

Date: of Offense 2/28/2022

| Date: February 17, 2022 | Offender (please print): STEVEN A. TALIANI | ID #: B62266 | Race (optional): Received |
|---|---|---|---|
| Present Facility: Hill Corr. Center | | Facility where grievance issue occurred: Hill corr. Center | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Censorship of GTL message
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

    **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
    **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor
    **Chief Administrative Officer**, only if EMERGENCY grievance
    **Mail to Administrative Review Board**, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

On January 20, 2022 at 9:24am I had an outgoing GTL message refused to be delivered,

costing this Grievant a GTL message voucher credit.

Censorship of outgoing GTL messages is in violation of the First Amendment of the U.S.

Constitution.

Outgoing IIC mail is controlled by Procunier v. Martinez, 416 U.S. 396, where the United

States Supreme Court has held; " Prison officials may not censor inmate correspondences

simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements.

[x] Continued on reverse

**Relief Requested:**

Provide message voucher credit to this Grievant's GTL account

Provide the identity of the individual that censored Grievant's outgoing message herein,

Provide censorship education to individuals charged with censoring outgoing GTL messages.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [x] Check if this is NOT an emergency grievance.

Offender's Signature _____ | ID#: B62266 | Date: FEB. 17, 2022

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: 2/28/2022    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Warden's Bulletin 20-42 states," Individual in Custody email messages
are considered non-privileged and covered under AR525B. Mail may be
withheld from delivery if it contains threats of physical harm, criminal
activity, blackmail, extortion, escape, or about contraband, it is
code, has another individuals name and number, has SSI numbers,
addresses, people with names that aren't real, is with a parolee or
IIC, has 3rd party communication, has emojis or symbols. There are
no refunds for denied messages." Grievance is denied. Submit FOIA
Request for other concerns. ACI Librarian, Katherine Finfrom 6/17/2022

Print Counselor's Name _____ Sign Counselor's Name _____ Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW**    Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

EXHIBIT J

Chief Administrative Officer's Signature _____ Date _____

DOC 0046 (Rev. 11/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

3-A-55

Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation." The prison official that censored Grievant's January 20, 2022, outgoing GTL message failed to show the regulation that authorized the censorship -- because there is none.

This Grievant must have his GTL message voucher credit returned to his account.

This Grievance comes as Notification of Intent to Sue under the First Amendment of the U.S. Constitution.

The identity of the individual that censored this outgoing mail is requested to be named as a defendant.

EOR.

Pursuant to 28 U.S.C. §1746 I declare under the penalty of perjury that everything contained herein is true and accurate to the best of my knowledge and belief.

/s/ _Steven A. Taliani_

Steven A. Taliani

EXHIBIT J

DATE:  June 24, 2022

  TO:  Grievance Officer, Hill C.C.

FROM:  Steven A. Taliani, B62266, 2-D-12

  RE:  Grievance No. 22-02-307

Dear Grievance Officer,

I am submitting the enclosed Grievance for second-level review by your
office,  since the Counselor's response is nothing more than a word-salad
of nothingness.  The Counselor has failed to identify the 'specific reason'
for my message to be denied,  and none of the excuses listed in the response
are applicable.

I am requesting a legitimate review and a timely response so that I can
pursue a third-level appeal, and file suit thereafter.

With your response, please include the identity of the employee that has
determined my message must be denied so I can name them as a defendant
without seeking unnecessary discovery.

Thank you in advance for your cooperation and I look forward to your
response to this Grievance in the near future.

Sincerely yours,

Steven A. Taliani

Xc: file.

EXHIBIT K

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

R2 D 12

| Grievance Officer's Report |
|---|

Date Received: 07/11/2022    Date of Review: 07/15/2022    Grievance # (optional): 22-02-307

Offender: Taliani, Steven    ID#: B62266

**Nature of Grievance:**

Individual in Custody alleges his GTL message was unjustly censored and not sent. Wants a credit back on his account for this email and claims that there was no reason to censor the message.

**Facts Reviewed:**

A review of the IMail shows it states, in part, "I wrote to Kevin asking that he order me a few books...see if you can get him to place this order...tell him to respond to messages." This was flagged by reviewing staff as a "third-party communication;" however, this is not a true third-party communication as this was a written request to reach out to "Kevin" who according to O360 is his brother.

Be advised staff have been educated on this and GTL will be notified to restore the voucher credit to your account. The message was no tin violation of DR525B and said message is attached for clarification.

**Recommendation:**

Grievance affirmed; individual will have a voucher credit for IMail restored.

Jason C. Garza, Correctional Counselor II/Grievance Officer

Jason C. Garza  Digitally signed by Jason C. Garza
Date: 2022.07.15 10:41:58 -05'00'

| Print Grievance Officer's Name | Grievance Officer's Signature |
|---|---|

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 07-25-2022    ☑ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

Chief Administrative Officer's Signature    07-25-2022
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the Counselor's response if applicable, and any pertinent documents.)

Offender's Signature    B62266    AG 04,2022
ID#    Date

EXHIBIT L

| | | | | |
|---|---|---|---|---|
| Inmate Id: | B62266 | | Ret Form Ind: | ▼ |
| Name: | TALIANI, STEVEN | | Modify Ind: | ▼ |
| Chair Code: | JOLO ▼ | | Deny Ind: | ▼ |
| Grv Type: | L ▼ | | Favorable Ind: | ▼ |
| Grv Code: | MAILROOM ▼ | | Deferred Ind: | ▼ |
| Receive Date: | 08/08/2022 | | Moot Ind: | ▼ |
| Hearing Date: | 00/00/0000 | | Grievance Number: | 22-02-307 |
| Mailing Date: | 00/00/0000 | | Incident Number: | |
| Grv Loc: | HILL CC ▼ | | Incident Date: | 00/00/0000 |
| Hearing Loc: | HILL CC ▼ | | Incident Inst: | ▼ |
| | | | Date Receipted: | 08/12/2022 |

Comments: GRV #22-02-307 GRV DTD 2/17/22 ALLEGES GTL MESSAGE WAS UNJUSTLY CENSORED AND NOT SENT; REQ. CREDIT MADE BACK TO THEIR ACCT. (1/20/22)

EXHIBIT M

J.B. Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Taliani, Steven

ID# : B62266

Facility: Hill C.C.

10/20/22
Date

This is in response to your grievance received on __8/8/22__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 2/17/22   **Grievance Number:** 22-02-307   **Griev Loc:** Hill C.C.

- ☐ Medical _____
- ☐ Dietary _____
- ☐ Personal Property _____
- ☒ Mailroom/Publications  GTL – message, voucher credit _____
- ☐ Staff Conduct _____
- ☐ Commissary / Trust Fund _____
- ☐ Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
  _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision
- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Other: _____

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

_____
_____

FOR THE BOARD: _____
Jon Loftus
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Director

CC: Warden, Hill C.C. _____ Correctional Center
    Taliani, Steven _____, ID# B62266

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

EXHIBIT M