UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN TALIANI, ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-4025 |
| ) | |
| CHRISTINE BRANNON- ) | |
| DORTCH, et. al., ) | |
|   Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff claims Hill Correctional Center Warden Christine Brannon-Dortch and unknown Jane or John Doe Defendants violated his First Amendment rights. Plaintiff says unknown correctional staff monitored and censored his outgoing electronic messages on or about February 19, 2021 and July 6, 2021. Plaintiff filed grievances and his counselor noted the messages were denied pursuant to bulletin from the Warden stating incoming and outgoing messages could not contain symbols. (Comp, p. 20)

1

The grievance counselor further explained outgoing mail could be withheld "if it presents a threat to security or safety, including the following: 4) The letter is in code and its contents cannot be understood by correctional staff." (Comp., p. 26). The counselor said: "[s]ymbols are considered to be coded contents and, as such, are not eligible for processing." (Comp., p. 26).

Plaintiff says his two censored messages were sent to family members and he closed each communication with a heart emoji. (Comp, p. 24, 25). There were no other symbols included.

Plaintiff also says the Warden's bulletin concerning this message was not posted, but he requested a copy after his messages were confiscated. The October 15, 2020 statement says "I-Mail messages" may not contain "emojis or symbols-messages may only contain letters, numbers, and punctuation." (Comp, p. 29).

Plaintiff says staff members stopped a third electronic message he attempted to send to his father on January 20, 2022. The message did not contain symbols. Plaintiff again filed a grievance, and the grievance counselor listed the many reasons a message could be withheld. None obviously applied to Plaintiff's message.

However, the grievance officer admitted the message was inappropriately flagged as an attempted "third party communication." (Comp, p. 37). The officer stated Plaintiff's message was instead referring to his brother, and "staff have been educated on this." (Comp., p. 37). The grievance was affirmed, and Plaintiff was reimbursed for the cost of the confiscated message.

Plaintiff claims preventing him from sending the messages violated his constitutional rights. The First Amendment "applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). "A valid mail interference claim requires an allegation that there has been 'a continuing pattern or repeated occurrences' of denial or delay of mail delivery." *Sharp v. Jeffreys*, 2022 WL 622009, at *2 (S.D.Ill. March 3, 2022), *quoting Zimmerman*, 226 F.3d at 572.

The Seventh Circuit instructs courts to apply a two-prong test to determine whether censorship of an inmate's outgoing mail violates the First Amendment.

> First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression. Such interests include security, order, and rehabilitation. Second, the challenged action must be no greater than is necessary or essential to the protection of that interest. *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) (internal citation omitted).

Plaintiff claims Defendants cannot demonstrate the repeated censorship of his electronic messages meets either prong of this test. Plaintiff may proceed with his First Amendment claim.

Plaintiff has adequately alleged a claim against the Warden. After the Defendant is served, Defendants must clarify if any other individuals were involved in the decision to censor Plaintiff's messages. The claim against the Warden is an individual capacity claim, and an official capacity claim based on a policy or practice which led to an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Brannon-Dortch and Jane or John Doe Defendants violated his First Amendment rights. The claim against the Warden is both an individual and official capacity claim. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on the Defendant Warden pursuant to the standard procedures; and 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

Entered this 12th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE